UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LETICIA MERAZ-HENDRICKS, et al.,<br><br>    Defendants. | No. 2:23-cv-00217-DAD-CKD (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 10) |

Plaintiff Peter Jon Ellis is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On June 23, 2023, the court dismissed and closed this action due to plaintiff's failure to prosecute. (Doc. No. 8.) That same day, judgment was entered. (Doc. No. 9.) On April 10, 2024, plaintiff filed the pending request for relief from final judgment, pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 10.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

1

Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to prosecute. The court will therefore deny plaintiff's motion for reconsideration of the court's June 23, 2023 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 10) is denied; and

2. This case shall remain closed.

IT IS SO ORDERED.

Dated:   **April 12, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2