UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS,<br><br>            Plaintiff,<br><br>    v.<br><br>LETICIA MERAZ-HENDRICKS, et al.,<br><br>            Defendants. | No.  2:23-cv-00217-DAD-CKD (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION<br><br>(Doc. No. 12) |

Plaintiff Peter Jon Ellis is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On June 23, 2023, the court dismissed and closed this action due to plaintiff's failure to prosecute.  (Doc. No. 8.)  That same day, judgment was entered.  (Doc. No. 9.)  On April 10, 2024, plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b).  (Doc. No. 10.)  On April 15, 2024, the court denied plaintiff's motion for reconsideration because plaintiff had not identified any basis under Rule 60(b) upon which the court should reconsider its order dismissing this action due to plaintiff's failure to prosecute.  (Doc. No. 11.)

On April 22, 2024, plaintiff filed the pending second motion for reconsideration of the court's order dismissing this action.  (Doc. No. 12.)

/////

1

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In the pending motion, plaintiff requests that the court "reopen the complaint on the grounds of newly discovery evidence of a *Monell* liability by way of  the county's failure to institute quality centered procedures to prevent the placement of 'no contact within 100 feet of the probation department.'"  (Doc. No. 12 at 1.)  While it is not entirely clear what evidence plaintiff is referring to or how that purported evidence relates to the allegations he had advanced in this case, plaintiff's motion offers no basis for reopening this case, which was dismissed and closed nearly a year ago.  Notably, plaintiff filed the complaint initiating this action on February 6, 2023, and he did not file anything else in this case until April 10, 2024 when he filed his first motion for reconsideration of the court's order dismissing and closing this case.  Plaintiff has simply not articulated any basis upon which the court should grant his motion for reconsideration and reopen this case.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 12) is denied;
2. This case shall remain closed;

/////

/////

2

3. No further filings will be entertained in this closed case; and

4. The Clerk of the Court is directed to reject and return all future documents submitted in this case.

IT IS SO ORDERED.

Dated: __**May 14, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE